| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1)  PRIYA BHAMBI and<br>(2)  SAMUEL MONTRONDE,<br><br>               Defendants | Criminal No.  23cr10079<br><br>Violations:<br><br><u>Count One</u>: Conspiracy to Commit Wire Fraud<br>(18 U.S.C. § 1349)<br><br><u>Counts Two–Four</u>: Wire Fraud<br>(18 U.S.C. § 1343)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1.    Defendants PRIYA BHAMBI and SAMUEL MONTRONDE lived in Massachusetts.

2.    Takeda Pharmaceutical Company Limited ("Takeda") was a multinational pharmaceutical company with its U.S. headquarters in Massachusetts.

3.    BHAMBI was a senior level employee in Takeda's technology operations group.

### Overview of the Conspiracy

4.    From in or about January 2022 through in or about October 2022, BHAMBI and MONTRONDE conspired with each other to defraud Takeda of at least $2.3 million in payments by submitting fake invoices on behalf of a sham consulting company.

<u>Object and Purpose of the Conspiracy</u>

5.     The object of the conspiracy was to commit wire fraud by devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, to wit, payments from Takeda, by means of materially false and fraudulent pretenses, representations, and promises.

6.     The purpose of the conspiracy was to enrich BHAMBI and MONTRONDE personally.

<u>Manner and Means of the Conspiracy</u>

7.     Among the manner and means by which BHAMBI and MONTRONDE carried out the conspiracy were the following:

    a.     incorporating a sham company called Evoluzione Consulting LLC ("Evoluzione");

    b.     creating a website purporting to show that Evoluzione was a legitimate consulting business;

    c.     inventing "Jasmine," a purported employee of Evoluzione who did not exist, and communicating with Takeda employees in "her" name;

    d.     submitting fraudulent invoices to Takeda on behalf of Evoluzione for purported consulting services that Evoluzione never provided;

    e.     opening business bank accounts in the name of Evoluzione to receive direct payments from Takeda; and

    f.     making false statements to Takeda employees to secure payment of the fraudulent invoices.

<u>Acts in Furtherance of the Conspiracy and the Scheme to Defraud</u>

8.      From in or about January 2022 through in or about October 2022, BHAMBI and MONTRONDE committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

9.      On or about January 28, 2022, BHAMBI messaged MONTRONDE that she had "put some wheels in motion to pursuit [sic] a small hustle[.]" BHAMBI told MONTRONDE that she could not "be the face of it" but MONTRONDE could. BHAMBI further stated that MONTRONDE would "have to do some paper work" and that they would "have to open some accounts," "[d]ecide on a brand [MONTRONDE] fe[lt] comfortable with," and "[c]ome up with a name."

10.     On or about February 4, 2022, BHAMBI created the email address samuel@evoluzione-llc.com (the "Samuel Account") and told MONTRONDE that she "want[ed] to set up a 2nd account." BHAMBI asked MONTRONDE, "what shall we name her? . . . Jasmine or Daisy."

11.     On or about February 7, 2022, BHAMBI and MONTRONDE incorporated Evoluzione with the Secretary of the Commonwealth of Massachusetts, falsely describing Evoluzione as "… a team that is committed to transforming the organizations that it works with" whose "method focuses on the problem solving and flexibility required to overcome obstacles and adversity."

12.     On or about February 7, 2022, BHAMBI submitted a statement of work for Evoluzione to Takeda that listed "Jasmine" as among the "key personnel" who would "provide [] [s]ervices" to Takeda.

13.     On or about February 8, 2022, BHAMBI messaged MONTRONDE: "Once we get your EIN # we will want to set up a business account asap so that we can set up direct payments…In parallel we could start the master class in BS so that we can start building your brand and your story."

14.     On or about February 11, 2022, MONTRONDE opened an account in the name of Evoluzione at SCU Credit Union (the "SCU Account").

15.     On or about February 23, 2022, BHAMBI messaged MONTRONDE that for Evoluzione to "bill" Takeda, they would need to "create a template and then send out every other month per schedule." BHAMBI told MONTRONDE, "That's the easy part." BHAMBI further stated that it felt like she had "been plotting forever."

16.     In or about March 2022, BHAMBI and MONTRONDE caused Takeda to sign a master services agreement with Evoluzione and to issue a purchase order for services to be provided by Evoluzione with a total cost of $3.542 million.

17.     On or about March 8, 2022, March 14, 2022, April 1, 2022, April 16, 2022, and May 20, 2022, respectively, BHAMBI and MONTRONDE caused Evoluzione to issue five separate invoices to Takeda for services that Evoluzione had not performed and would not perform, each in the amount of $460,000 ("the Fraudulent Invoices").

18.     On or about March 11, 2022, BHAMBI created a website for Evoluzione that falsely described the sham company as a "consultancy" that "specializ[ed] in full transformation journey management" and included three fabricated blog posts intended to make it appear that Evoluzione was a legitimate consulting business.

19.     On or about June 3, 2022, BHAMBI falsely represented to Takeda that Evoluzione was "in essence a connection between tool enablement and change management" that did

"transformational change management too" and that Evoluzione had "delivered on time and within budget." BHAMBI further stated falsely that Evoluzione had "started work with us about a year ago," but there had been "a backlog in there [sic] billing, because of a contracts issue" that had since been resolved, and that was "the reason all the invoices hit us the same time frame."

20.    On or about June 6, 2022 and June 10, 2022, respectively, Takeda made two payments of $460,000 each on the Fraudulent Invoices to the SCU Account via Automated Clearing House ("ACH") transfer.

21.    On or about June 23, 2022, MONTRONDE opened an account in the name of Evoluzione at Santander Bank (the "Santander Account").

22.    On or about July 18, 2022, Takeda made a payment of $460,000 on the Fraudulent Invoices to the Santander Account via check.

23.    On or about September 7, 2022, a Takeda employee emailed the Samuel Account seeking to discuss the services purportedly provided by Evoluzione. BHAMBI and MONTRONDE caused the Samuel Account to respond, adding jasmine@evoluzione-llc.com (the "Jasmine Account"): "I am happy to connect with you about the work completed for Takeda. I am including Jasmine, who has been working directly on the account as well and can provide any details that you may need."

24.    On or about September 12, 2022, Takeda made a payment of $460,000 on the Fraudulent Invoices to the Santander Account via check.

25.    On or about October 13, 2022, in response to emails from Takeda employees to the Samuel Account and the Jasmine Account seeking a meeting to discuss the services Evoluzione purportedly provided, BHAMBI and MONTRONDE caused the Jasmine Account to respond, "I worked with the team and can do [a call on October 19, 2022]."

26.    On or about October 14, 2022, Takeda made a payment of $460,000 on the Fraudulent Invoices to the Santander Account via ACH transfer.

27.    On or about October 19, 2022, after "Jasmine" failed to join the call with Takeda representatives as "she" had agreed, BHAMBI and MONTRONDE caused the Jasmine Account to email Takeda employees, including BHAMBI: "Apologies again for my delay to join the meeting as I had an emergency I had to manage . . . I am happy to connect or provide what is needed so that Takeda has what they need from us after completing our work in June." Despite knowing that "Jasmine" did not exist, BHAMBI responded, "to my knowledge Takeda does not require anything else from the team at this time."

COUNT ONE

Conspiracy to Commit Wire Fraud

(18 U.S.C. § 1349)

The Grand Jury charges:

28.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment.

29.     From in or about January 2022 through in or about October 2022, in the District of Massachusetts and elsewhere, the defendants,

(1) PRIYA BHAMBI and
(2) SAMUEL MONTRONDE,

conspired with each other to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property, to wit, payments from Takeda, by means of materially false and fraudulent pretenses, representations, and promises, to transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FOUR
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury further charges:

30.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment.

31.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendants,

>(1) PRIYA BHAMBI and
>(2) SAMUEL MONTRONDE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property, to wit, payments from Takeda, by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description of Interstate Wire |
|---|---|---|
| 2 | 6/6/22 | ACH transfer to the SCU Account |
| 3 | 6/10/22 | ACH transfer to the SCU Account |
| 4 | 10/14/22 | ACH transfer to the Santander Account |

All in violation of Title 18, United States Code, Section 1343.

The Grand Jury further finds:

32.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1349 or 1343, set forth in Counts One through Four, the defendants,

(1) PRIYA BHAMBI and
(2) SAMUEL MONTRONDE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

a. $2,300,000, to be entered in the form of a forfeiture money judgment;

b. a gray 2019 Mercedes-Benz Model E with vehicle identification number WDDZF4KBXKA643440, seized on January 11, 2023;

c. SCU Credit Union check number 0000549259 in the amount of $5,000.00 in United States currency, seized on January 11, 2023;

d. $940,000.58 in United States currency seized on January 11, 2023 from Santander Bank account ending in x8736, in the name of Evoluzione Consulting LLC;

e. $101,250.62 in United States currency seized on January 20, 2023 from First Republic Bank account ending in x3148, in the names of BHAMBI and MONTRONDE;

f. $154,994.94 in United States currency seized on January 20, 2023 from Santander Bank account ending in x3125, in the name of BHAMBI;

g. 135 Seaport Boulevard, Unit 1903, Boston, MA 02210; and

h. One two-carat round diamond, six-prong platinum ring purchased by MONTRONDE.

33.    If any of the property described in Paragraph 32 above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 32 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

LESLIE A. WRIGHT
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March 23, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Steve York
DEPUTY CLERK