UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-CR-10079-FDS |
| | ) | |
| (1)  PRIYA BHAMBI, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, C.D.J.**

WHEREAS, on March 23, 2023, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment, charging defendant Priya Bhambi (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Four).

WHEREAS, the Indictment also included forfeiture allegations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Four of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. Such property specifically included, without limitation:

(a) $2,300,000, to be entered in the form of a forfeiture money judgment;

(b) A gray 2019 Mercedes-Benz Model E with vehicle identification number WDDZF4KBXKA643440, seized on January 11, 2023;

(c) SCU Credit Union check number 0000549259 in the amount of $5,000.00 in United States currency, seized on January 11, 2023;

(d) $940,000.58 in United States currency seized on January 11, 2023 from Santander Bank account ending in x8736, in the name of Evoluzione Consulting LLC;

(e) $101,250.62 in United States currency seized on January 20, 2023 from First Reoublic Bank account ending in x3148, in the names of BHAMBI and MONTRONDE;

(f) $154,994.94 in United States currency seized on January 20, 2023 from Santander Bank account ending in x3125, in the name of BHAMBI;

(g) 135 Seaport Boulevard, Unit 1903, Boston, MA 02210 (the "Seaport Condominium"); and

(h) One two-carat round diamond, six prong platinum ring purchased by MONTRONDE;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on April 14, 2023, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. § 1349 and 18 U.S.C. § 1343.  The Bill of Particulars identified property, real or personal, which constitutes or is derived from proceeds traceable to the offenses including but not limited to the following:

a. $49,985 venue deposit held by State Room (60 State Street, Boston, MA 02109) paid by Priya Bhambi and Samuel Montronde

(collectively, the assets listed in the Indictment b.-h. and in the Bill of Particulars are the "Properties");

WHEREAS, on June 5, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Indictment;

WHEREAS, During the hearing, the United States gave a recitation of the facts, referenced the Properties being forfeited, and how the Properties being forfeited constituted or is derived from proceeds traceable to the offenses charged in the Indictment, and the Defendant did not object;

WHEREAS, based on the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant pled guilty, and, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);[1,2]

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(p) as to any non-traceable portion of the Seaport Condominium, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

---

[1] The government will credit the net proceeds, after costs, recovered after the entry of final orders of forfeiture and disposal of the Properties towards the forfeiture money judgment.

[2] The Seaport Condominium was purchased on or about July 14, 2022. The purchase price was $1,875,000, with a mortgage of $1,406,250. Approximately $187,000 of the down payment was paid with fraud proceeds, as were numerous mortgage payments of approximately $5,000 per month. To the extent that the net proceeds from the sale of the Seaport Condominium exceed the amount of fraud proceeds used to purchase and make mortgage payments on the Seaport Condominium and appreciation on those amounts, any such non-traceable excess is forfeitable as a substitute asset pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Court finds, based upon the Defendant's guilty plea, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has pled guilty.

2. The Court shall retain jurisdiction for purposes of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and as to any non-traceable portion of the Seaport Condominium pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(p).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(n), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(2) and (3), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty

4

(30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

Dated: _____

                                                  **F. DENNIS SAYLOR IV**
                                                  United States Chief District Judge