UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                              )<br>)<br>(1) PRIYA BHAMBI,                              )<br>            Defendant.                         )<br>_____ )<br>)<br>LONGWOOD VENUES AND.             )<br>DESTINATIONS INC.                        )<br>            Petitioner.                           )<br>_____ ) | Criminal No. 23-CR-10079-FDS |

### FINAL ORDER OF FORFEITURE
### ($49,985 VENUE DEPOSIT)

**SAYLOR, C.D.J.**

WHEREAS, on December 12, 2024, this Court issued an Amended Preliminary Order of Forfeiture against the following property, in connection with the charges against the defendant Priya Bhambi (the "Defendant"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure:

   a. $49,985 venue deposit held by the State Room (60 State Street, Boston, MA 02109) paid by Priya Bhambi and Samuel Montronde (the "Venue Deposit");[1]

WHEREAS, notice of the Amended Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on March 22, 2025 and ending on April 20, 2025;

WHEREAS, petitioner Longwood Venues and Destinations Inc. ("Longwood") asserted an interest in the Venue Deposit, pursuant to 21 U.S.C. § 853(n);

---

[1] Other assets were included in the Amended Preliminary Order of Forfeiture with Final Orders of Forfeiture being issued on May 9, 2025 at Docket Nos. 264, 265.

WHEREAS, Longwood and the United States (the "Parties") now desire to reach a full and final settlement of this matter as to the Venue Deposit;

WHEREAS, pursuant to the terms of a Settlement Agreement, the Parties agree that $24,992.50 of the Venue Deposit shall be forfeited to the United States (the "Forfeited Currency"), and $24,992.50 of the Venue Deposit shall be released to Longwood (the "Released Currency"); and

WHEREAS, no other claims of interest in the Venue Deposit have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for Final Order of Forfeiture is allowed.

2. The United States is now entitled to the forfeiture of all rights, title or interests in the Forfeited Currency, which is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any rights, title or interests in the Forfeited Currency are hereby held in default.

4. The United States is hereby authorized to dispose of the Forfeited Currency in accordance with applicable law and in accordance with the Settlement Agreement.

5. The United States Marshals Service is hereby directed to release the Released Currency to Longwood, less any debt Longwood owes to the United States or any agency of the

United States, or any debt that the United States is authorized to collect from Longwood, pursuant to wire instructions to be provided by Longwood's attorney.

6. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

/s/ F. DENNIS SAYLOR, IV
F. DENNIS SAYLOR IV
United States Chief District Judge

Dated: June 6, 2025

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Melanie Cooke*
Deputy Clerk

Date: 6/6/2025

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PRIYA BHAMBI )<br>Defendant. )<br>_____ )<br>)<br>LONGWOOD VENUES AND )<br>DESTINATIONS INC. )<br>Petitioner. )<br>_____ ) | Criminal No. 23-10079-FDS |

## SETTLEMENT AGREEMENT AS TO
## $49,985 VENUE DEPOSIT

The United States of America, by and through its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, and petitioner, Longwood Venues and Destinations Inc. ("Longwood") (collectively, with the United States, the "Parties"), set forth the following:

WHEREAS, on March 23, 2023, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment, charging defendant Priya Bhambi (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Four);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Four of the Indictment of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

WHEREAS, on April 14, 2023, the United States filed a Bill of Particulars to include for forfeiture, among other named property, the specific property, $49,985 venue deposit held by State

Room (60 State Street, Boston, MA 02109) paid by Priya Bhambi and Samuel Montronde (the "Venue Deposit");

WHEREAS, on June 5, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Indictment;

WHEREAS, on October 30, 2024, a sentencing hearing was held whereby this Court sentenced the Defendant to 46 months' incarceration, 2 years' supervised release, $2,585,480 in restitution, and a $400 special assessment;

WHEREAS, on December 12, 2024, this Court issued an Amended Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(e) of the Federal Rules of Criminal Procedure against the Venue Deposit, among other property;

WHEREAS, the Amended Preliminary Order of Forfeiture forfeited all of the Defendant's interests in the Venue Deposit to the United States, and directed the United States to publish notice on a government website for thirty (30) consecutive calendar days and, to the extent practicable, give direct written notice to any person known to have alleged an interest in the Properties to be forfeited;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice stated: (a) that any person, other than the Defendant, asserting a legal interest in the Venue Deposit shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Venue Deposit; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Venue Deposit, the time and circumstances of the petitioner's acquisition of the

2

right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought;

WHEREAS, Longwood filed a Petition for Ancillary Forfeiture Proceedings on May 5, 2025, asserting an interest in the Venue Deposit and served the same on the United States Attorney's Office;

WHEREAS, as of this date, no other parties have filed a claim to the Venue Deposit or otherwise defended against this forfeiture action as to the Venue Deposit, as required by 21 U.S.C. §§ 853(n)(2), and (3), and the time within which to do so has expired; and

WHEREAS, the Parties now desire to reach a full and final settlement of this matter as to the Venue Deposit (the "Settlement Agreement").

NOW THEREFORE, it is stipulated and agreed by and among the undersigned Parties as follows:

1. Upon execution by the Parties, this Settlement Agreement shall be filed with the United States District Court for the District of Massachusetts in connection with the United States' Motion for a Final Order of Forfeiture with regard to the Venue Deposit. This Court shall retain jurisdiction to enforce the provisions of this Agreement.

2. Subject to the terms set forth in this Settlement Agreement, and in the Final Order of Forfeiture entered by the Court, the Parties agree that the $24,992.50 of the Venue Deposit shall be forfeited to the United States (the "Forfeited Currency"), and $24,992.50 of the Venue Deposit shall be released to Longwood (the "Released Currency").

3. The Parties further agree that upon execution of this Agreement and the District Court's endorsement of the Final Order of Forfeiture, the United States Marshals Service shall then seize and maintain custody and control over the Forfeited Currency, and dispose of the

3

Forfeited Currency, in accordance with United States Marshals Service policies regarding the disposition of forfeited property.

4.     As set forth in Paragraph 2 above, the Final Order of Forfeiture shall also direct the United States Marshals Service to return the Released Currency, less any debt Longwood owes to the United States or any agency of the United States, or any debt that the United States is authorized to collect from Longwood, pursuant to wire instructions to be provided by Longwood's attorney.

5.     The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the seizure, restraint, and/or forfeiture of the Venue Deposit by the United States. This settlement does not include any finding or admission of fact or wrongdoing.

6.     Longwood unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, the United States Marshals Service, and the Federal Bureau of Investigation, as well as any state, county, or local law enforcement agencies whose personnel assisted in the forfeiture proceedings against the Venue Deposit, from any and all civil and/or criminal claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the restraint of the Venue Deposit, the forfeiture proceedings against the Venue Deposit, or the provisions of the instant Settlement Agreement.

7.     All rights of appeal are hereby waived by all Parties.

8.     Except as otherwise provided in this Settlement Agreement, each party shall bear

4

its own fees, including attorneys' fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this forfeiture action or any actions pertaining to any foreclosure action.

9. Longwood hereby acknowledges that it has been represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained, and that Longwood is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

10. Each party represents and warrants to the other that the execution and delivery of the Settlement Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Settlement Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms, and that the person signing this Settlement Agreement on its behalf has authority to bind such party.

11. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement.


[INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the United States of America, by its attorney, Leah B. Foley, United States Attorney, and Longwood Venues and Destinations Inc. hereby execute this Settlement Agreement.

| | |
|---|---|
| LEAH B. FOLEY<br>United States Attorney, | LONGWOOD VENUES AND<br>DESTINATIONS INC., |
| By: */s/ Carol E. Head*<br>CAROL E. HEAD<br>Assistant United States Attorney<br>1 Courthouse Way, Ste. 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Carol.Head@usdoj.gov | By: Belinda Kracunas (Jun 3, 2025 16:02 EDT)<br>BELINDA KRACUNAS<br>President and Managing Partner<br>Longwood Venues and<br>Destinations, Inc. |
| Dated: June 3, 2025 | Dated: June 3, 2025 |

6