UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>v. )<br><br>PRIYA BHAMBI, )<br><br>Defendant. ) | Criminal No.<br>23-10079-FDS |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

SAYLOR, J.

This is a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). Defendant Priya Bhambi pleaded guilty to defrauding her former employer of $2.3 million and was sentenced to 46 months of incarceration, followed by two years of supervised release. She now contends that her medical condition and alleged prosecutorial misconduct relating to her removal from the Bureau of Prisons ("BOP") Residential Drug Treatment Program ("RDAP") warrant a reduction in her sentence. For the following reasons, the motion will be denied.

I.    **Background**

From January to October 2022, defendant Priya Bhambi and her co-defendant defrauded her employer of approximately $2.3 million by submitting fabricated invoices on behalf of a phony company created for that purpose. (PSR ¶ 8).

In March 2023, a grand jury returned an indictment charging her with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and three counts of wire fraud in violation of 18 U.S.C. § 1343. (Dkt. No. 31). She pleaded guilty to all charges on June 5, 2024. (Dkt. No. 96).

On October 30, 2024, the court sentenced defendant to 46 months' incarceration, followed by two years of supervised release. (Dkt. Nos. 124, 128). She was also ordered to pay more than $2.5 million in restitution. (*Id.*). She is currently incarcerated at FPC Alderson in Alderson, West Virginia. (Dkt. No. 294-2).

Prior to sentencing, defendant disclosed through her presentence report that she suffered from certain medical conditions. (PSR ¶ 70). The specifics of her current symptoms and treatment are set forth in Appendix A to this memorandum, which will be filed separately under seal.

Defendant also disclosed through her presentence report that, ending in December 2022, she smoked marijuana on the weekends, and that she drank alcohol socially roughly once a month. (PSR ¶ 74). She also reported that she had no current need for drug treatment. (*Id.*). During her intake medical evaluation, however, she informed the BOP that she used opiates, smoked marijuana daily, and regularly consumed alcohol. (Dkt. No. 294-3, at 52, 211). A BOP psychologist subsequently evaluated her and diagnosed her with alcohol use and opiate use disorders. (*Id.* at 163). She was admitted into RDAP in March of 2025. (Dkt. No. 294 ["Mot"] ¶ 2).

On September 2, 2025, the U.S. Attorney's Office contacted the BOP, noting its opposition to defendant's participation in RDAP due to the disclosures made in the defendant's presentencing report. (Dkt. No. 294-5). The government also informed defendant's counsel of its objection. (*Id.*). That day, the BOP reevaluated her participation in RDAP and removed her from the program. (Mot. ¶ 31). On September 30, 2025, she filed a request to be requalified for RDAP. (Dkt. No. 300-1). The BOP rejected her request the following day. (*Id.*).

On October 22, 2025, defendant wrote to the FPC Alderson warden requesting that the

BOP file a motion for compassionate release on her behalf.  (Dkt. No. 294-1).  As justification, she contended that the BOP had failed to adequately care for her medical conditions and the U.S. Attorney's Office's "unauthorized interference" in her RDAP participation.  (*Id.*).

On January 23, 2026, defendant filed a motion for sentence reduction in this Court on those same grounds.  (Dkt. No. 294).

In February 2026, the warden formally denied her request.  (Dkt. No. 300-2).  The letter did not address her removal from RDAP.  (*Id.*).

## II.    <u>LEGAL STANDARD</u>

A federal court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  It may do so, however, if "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  "That is a demanding standard."  *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026).  The Supreme Court has explained that "'[e]xtraordinary' means 'most unusual,' 'far from common,' and 'having little or no precedent,'" while "'[c]ompelling' means 'tending to convince or convert by or as if by forcefulness of evidence.'"  *Id.* at 1302 (internal citations omitted).

The proposed reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13(b) of the U.S. Sentencing Guidelines describes six circumstances under which "extraordinary and compelling" reasons may exist.  U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2025) ("U.S.S.G.").  These include (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant was the victim of abuse; (5) other reasons that are similar in gravity; and (6) whether the defendant is facing an unusually long sentence.  *See id.*

Even when an extraordinary and compelling reason exists, a court should grant a motion for compassionate release only if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(a)(2).  The court must also consider whether the § 3553(a) factors weigh in favor of release.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a).  The defendant bears the burden of proving that she is entitled to such relief.  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

## III.    ANALYSIS

Defendant has moved for compassionate release, alleging that both her medical condition and prosecutorial misconduct satisfy the extraordinary and compelling threshold.  The government concedes that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement as the BOP did not timely respond to defendant's petition.  (Dkt. No. 300 [Opp'n], at 8 n.6).

### A.    Compassionate Release Due to Medical Circumstances

Defendant contends that her medical condition warrants compassionate release under either § 1B1.13(b)(1)(B) or (C) of the Sentencing Guidelines.

Subsection 1B1.13(b)(1)(B) states that an extraordinary and compelling reason exists if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover."  U.S.S.G. § 1B1.13(b)(1)(B).  Here, and assuming that defendant is suffering from a serious medical condition, she has not demonstrated that she is unable to provide self-care.  She asserts that she has been confined to bed at least one day a month due to her condition and that she is often unable to walk to meals.  (Mot. ¶ 55).  She has not seriously disputed, however, the BOP physician's finding that she is capable of "bathing, toileting, feeding, shopping and handling of

4

personal responsibilities" and is generally not confined to a bed or chair. (Dkt. No. 300-3). She also appears to have begun a work assignment as a teacher's aid following her October hospital visit. (Dkt. No. 294-10, at 1). Her medical records show that she was offered time to recuperate but she wanted to work. (Dkt. No. 294-3, at 2). Two days later she petitioned the warden for compassionate release. (Dkt. No. 300-3, at 2-3).

In short, the record evidence does not support a finding that defendant's ability to provide self-care has been substantially diminished. Accordingly, defendant does not meet the "extraordinary and compelling" standard under § 1B1.13(b)(1)(B).

Subsection 1B1.13(b)(1)(C) further provides that an extraordinary and compelling reason exists if the detainee is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Here, defendant's condition, which is chronic and has no cure, qualifies as a long-term condition and likely qualifies as a condition requiring specialized care. Regardless, the nature of defendant's condition is insufficient, standing alone; there must also be a corresponding showing that the defendant is not receiving appropriate treatment. *Id.*

Defendant contends that the treatment she has received has been below the standard of care. In support of her motion, she submitted a report by a physician who interviewed her and reviewed her medical records. (Dkt. No. 307-7). The physician concluded that although she had received the first-line medical therapies currently available, she has not yet been provided certain second-line therapies. (*Id.* at 9-10).

The record evidence, however, is that defendant's condition has been consistently monitored and managed by medical professionals. She has undergone regular medical

evaluation, been prescribed various medications to manage her condition, been treated at the hospital, and had an appointment approved with an outside specialist.  Although her condition may have worsened in incarceration, the record shows that she has received ongoing care.

The fact that defendant may "receive superior care outside of incarceration . . . [is] insufficient to justify compassionate release."  *United States v. Stillwell*, 2026 WL 276018, at *4 (S.D.N.Y. Feb. 3, 2026).  Her medical condition must be "measure[d] against the demanding standards set by the Sentencing Commission."  *Id.* (quoting *United States v. Teman*, 2024 WL 262781, at *6 (S.D.N.Y. Jan. 24, 2024)).  Under that standard, defendant has failed to show that "long-term or specialized care . . . is not being provided."  U.S.S.G. § 1B1.13(b)(1)(C).

Accordingly, the Court finds that defendant's medical condition does not constitute an "extraordinary and compelling reason" under either 1B1.13(b)(1)(B) or (C) and that compassionate release is not warranted on that basis. [1]

B.      **Compassionate Release Due to Alleged Prosecutorial Misconduct and Removal from RDAP**

Defendant has also moved for compassionate release under § 1B1.13(b)(5), which acts as a catch-all provision to allow for compassionate release to be granted in situations that are "similar gravity to those described" in §§ 1B1.13(b)(1-4).  U.S.S.G. § 1B1.13(b)(5).  She contends that the U.S. Attorney's Office's objection to her RDAP participation and her subsequent removal from the program warrants a reduction in sentence under that provision.  As noted, the government's opposition was based in substantial part on the differences between

---

[1] The Court also notes that the fact that defendant's worsening condition was disclosed prior to her sentencing also weighs against compassionate release.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1307 (2026) (Sotomayor, J., concurring) ("For a reason to 'warrant' a change of a sentence, however, it cannot have been a consideration that was part of the initial sentencing determination to begin with.").

what she advised probation at the time of her PSR interview and what she told BOP when she sought to gain the benefit of admission to RDAP.

The alleged misconduct, however, does not meet the "extraordinary and compelling" standard.[2]  The BOP independently reevaluated defendant and denied her readmission to the program.  (Dkt. No. 300-1).  She was then admitted to and completed the BOP's Non-Residential Drug Abuse Treatment Program.  (Opp'n 13; Dkt. No. 307-5).  "[P]articipation in the RDAP is not a right but an opportunity . . . ." *United States v. Rivera*, 2024 WL 3329127, at *2 (D. Mass. July 8, 2024) (alteration in original) (quoting *United States v. Sobrado*, 2021 WL 2328143, at *3 (D.N.J. June 7, 2021)).  Although inmates who complete RDAP may be granted a sentence reduction, "[i]t is the successful completion of the program and the hope that it may reduce recidivism that warrants [such a] reduction not the mere opportunity."  *Sobrado*, 2021 WL 2328143, at *3.  While defendant's efforts toward rehabilitation are commendable, under the circumstances the current programming does not justify compassionate release.

### C.    Factors Under 18 U.S.C. § 3553(a)

Finally, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not favor release. Defendant abused her position of trust with her former employer to defraud it of millions of dollars.  (PSR ¶¶ 11-38).  She then used the proceeds to purchase luxury items.  (*Id.* ¶¶ 29-32). The crime was sophisticated, carried out over the course of ten months, and only ceased when she was caught.  (*Id.* ¶¶ 11-38).  Moreover, she had conducted a similar scheme from

---

[2] It is doubtful in any event whether defendant's removal from RDAP can give rise to compassionate release under 18 U.S.C. § 3582.  Congress has stripped district courts of the jurisdiction to review the BOP's discretionary determinations about whether to admit a particular prisoner into RDAP.  18 U.S.C. § 3625; *see Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (finding that "prisoners can[not] bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621," including "substantive decisions to remove particular inmates from the RDAP program").  Using compassionate release under 18 U.S.C. § 3582 to circumvent these limitations is thus almost certainly improper.  *See Fernandez v. United States*, 146 S. Ct. 1292, 1301 (2026).  The Court need not decide that issue, however, as defendant's removal from RDAP does not warrant release here.

approximately August 2018 to December 2019 that was not charged. (*Id.* ¶ 10). She was not driven by need or addiction; she was highly educated and well-paid. (PSR ¶¶ 75, 79). Reducing defendant's sentence would not reflect the seriousness of the offense, would not provide just punishment, would not promote respect for the law, and would not afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

## IV.    Conclusion

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  June 25, 2026                        United States District Judge

8